IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **PULYSTON AUTO PARTS, LTD,** § | | |
| § | | |
| Plaintiff, § | | |
| § | **Case No. _____** |
| v. § | | |
| § | | |
| **ROBERT TAYLOR,** § | | |
| **THE CREATIVE ALLIANCE LTD,** § | | |
| **AND TEAM PROMARK, LLC,** § | | |
| § | | |
| Defendants. § | | |
| § | | |

# NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Robert Taylor ("**Taylor**") hereby removes this action from the 96th District Court of Tarrant County, Texas to the United States District Court for the Northern District of Texas, and as grounds for removal state as follows:

## State Court Action

1. On January 31, 2022, Pulyston Auto Parts, Ltd. ("**Plaintiff**") filed *Plaintiff's Original Petition* (the "**Petition**") in the 96th District Court of Tarrant County, Texas, initiating Cause No. 096-331719-22, styled *Pulyston Auto Parts, Ltd. v. Robert Taylor, The Creative Alliance Ltd., and Team ProMark, LLC* (the "**State Court Action**").

2. Plaintiff asserts claims against Defendants Taylor, The Creative Alliance Ltd. ("**Creative Alliance LTD**"), and Team ProMark, LLC ("**TPM**", and collectively with Taylor and Creative Alliance, the "**Defendants**") for fraudulent transfers, seeking damages in the amount of

$348,455.27, punitive damages, attorney fees and cost, and pre- and post-judgment interest. *See* Petition at p. 3-5.

3.  With this Notice of Removal, Defendant Taylor hereby removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

### Procedural Requirements

4.  This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(a), 1441(a-b), 1446(a).

5.  This removal is timely because it is being filed "within 30 days after receipt by the Defendants, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action of proceeding is based." 28 U.S.C. § 1446(b).

6.  Pursuant to 28 U.S.C. § 1446(a), at the time of this removal, Taylor is filing an Index of State Court Records containing a true and correct copy of the entire file from the State Court Action.

7.  Pursuant to 28 U.S.C. § 1446(d), with the filing of this Notice of Removal, Taylor is simultaneously (a) serving Plaintiff with a copy of this Notice of Removal, and (b) filing a copy of the Notice of Removal in the 96th District Court of Tarrant County, Texas. A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit A**.[1]

### Diversity Jurisdiction

8.  The Court has diversity jurisdiction in this matter. "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of a State and citizens or subjects of a foreign state" or between "citizens of different States and in which citizens

---

[1] Taylor has not included Exhibit 1 to the Notice of Removal filed in the State Court Action because Exhibit 1 is a copy of this Notice of Removal.

or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(2) and (3). *See also* 28 U.S.C. § 1441(a).

9. Complete diversity exists in this case because Plaintiff is a citizen of a foreign state, while Defendants are residents of the States of Colorado and Tennessee. As shown below, the amount in controversy requirement is also satisfied.

**A.  Diversity of Citizenship**

10. The Petition indicates that Plaintiff is a foreign limited company organized under the laws of the Peoples Republic of China and has its principal place of business in Shenzhen, China. Petition at ¶4. Thus, Plaintiff is a citizen of the Peoples Republic of China.

11. Defendant Taylor is a resident and citizen of the State of Colorado, with an address of 820 Riverside Drive, Estes Park, Colorado 80517.

12. Defendant Creative Alliance LTD is a corporation formed under the laws of the State of Colorado with its principal business located at 2770 Arapahoe Road, Suite 122, Lafayette, Colorado 80026. In most circumstances, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). *See also Hertz Corp. v. Friend*, 559 U.S. 77, 92–93, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010) (exploring the historical development of law regarding citizenship of corporations and adopting the "nerve center" approach to determine a corporation's principal place of business). Here, no exceptions to the general rule exist, and therefore, Creative Alliance LTD is a citizen of the state of Colorado for the purposes of diversity jurisdiction.

13. Team ProMark, LLC ("**Team ProMark**") is an inactive Texas Limited Liability Company with Registered Agent Inc., 5900 Balcones Drive, Suite 100, Austin, TX 78731, listed

as its registered agent with the Texas Secretary of State. However, "the citizenship of a[n] LLC is determined by the citizenship of all of its members," not by its principal place of business or registered agent. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). "So, to establish diversity jurisdiction, a party 'must specifically allege the citizenship of every member of every LLC.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.,* 929 F.3d 310, 314 (5th Cir. 2019) (citing *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017)).

14. Team ProMark, LLC's membership consists of two entities, with eighty percent (80%) owned by Taylor Byrd, Inc., a now-inactive Colorado corporation with a principal place of business at 2770 Arapahoe Road Ste. 122, Lafayette, CO, 80026, and twenty percent (20%) owned by ProMark Enterprises, LLC, a now-inactive Kentucky limited liability company with a principal place of business at 7614 Cambridge Dr., Crestwood, Kentucky 40014. ProMark Enterprises, LLC is owned by John Durnell, a citizen of the State of Tennessee.

15. Thus, Team ProMark is a citizen of Colorado and Tennessee for purposes of diversity jurisdiction.

16. Because Plaintiff is a citizen of China and the Defendants are citizens of Colorado and Tennessee, complete diversity exists among the parties.

    **B.**     **Amount in controversy**

17. The amount in controversy requirement is also satisfied. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the

jurisdictional minimum]."). A defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000 or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds the $75,000 requirement. *E.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253.

18. "The amount in controversy is determined from the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant." *Berry v. Chase Home Fin.*, LLC, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

19. Plaintiff seeks damages in the amount of $348,455.27, punitive damages, attorney fees and cost, and pre- and post-judgment interest. *See* Petition at ¶17.

20. Because there is complete diversity between the parties, and the amount in controversy, $348,455.27, exceeds the $75,000.00 requirement, this Court has jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper.

21. The undersigned attorney is lead counsel of record for Taylor.

22. Counsel of record for Plaintiff in the State Court Action is:

   Nestor J. Lopez-Garcia
   Email: Nestor@Njllawtx.com
   20403 Encino Ledge
   P.O. Box 591344
   San Antonio, TX 78259
   Telephone: (702) 670-0279
   *Receiver for Plaintiff*

## Reservation of Rights

23. In filing this Notice of Removal, Taylor does not waive, and specifically reserves, any and all objections as to service, objections to personal jurisdiction, defenses, rights, and motions.

## Removal

WHEREFORE, Taylor removes this action from the 96th District Court of Tarrant County, Texas to the United States District Court for the Northern District of Texas, so that this Court may assume jurisdiction over the case as provided by law.

Dated: March 9, 2022.                                              Respectfully submitted,

/s/ Megan F. Clontz
Jason P. Kathman
State Bar No. 24070036
Megan F. Clontz
State Bar No. 24069703
SPENCER FANE LLP
5700 Granite Parkway, Suite 650
Plano, Texas 75024
972.324.0300 - Telephone
972.324.0301 – Telecopier
Email: jkathman@spencerfane.com
Email: mclontz@spencerfane.com

**COUNSEL FOR ROBERT TAYLOR**

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2022, I served this Notice of Removal on the following party in compliance with the Federal Rules of Civil Procedure:

Nestor J. Lopez-Garcia
Email: Nestor@Njllawtx.com
20403 Encino Ledge
P.O. Box 591344
San Antonio, TX 78259
Telephone: (702) 670-0279
*Receiver for Plaintiff*

/s/ Megan F. Clontz
Megan F. Clontz